IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN BAILEY,

    Plaintiff,

v.

AVIS BUDGET GROUP,
AZHAR HASSAN,

    Defendants.

No. C 12-01486 WHA

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND VACATING HEARING**

## INTRODUCTION

In this employment-discrimination action, defendant moves for reconsideration of the August 9 order denying as untimely defendant's Rule 12(c) motion. For the following reasons, the motion for reconsideration is **GRANTED**. The hearing scheduled for November 15, 2012, is **VACATED**.

## STATEMENT

*Pro se* plaintiff Susan Bailey was employed as a shuttle driver for defendant Avis Budget Group from July 2005 until her employment was terminated in October 2009. Plaintiff filed her form complaint in the Superior Court, County of San Mateo. In March 2012, defendant removed the action from San Mateo Superior Court to this district. Miscellaneous documents have been appended to the form complaint, and it is not clear whether they are intended to be the complaint. This order will assume that the form complaint and the documents are the complaint.

Plaintiff alleges that she was subjected to a hostile environment and was taunted because of her age, national origin, and gender. Specifically, she claims that an unidentified "woman harassed [her] in the women's restroom" and she had to "endure physical violence and taunting every weekend by Omar during [her] employment with the Avis Budget Group." Plaintiff states that she suffered this abuse because her managers and team leader Azar Hassan "failed to take [her] complaints seriously." Plaintiff further states that before working for defendant, she was in good health. Plaintiff alleges that, as a result of the abuse she encountered at Avis, she has developed high blood pressure, has suffered from depression and has had trouble sleeping (Dkt. No. 2 at 9).

Plaintiff states that she is a single, older, British woman. Her claims seem to be based on alleged harassment due to her age, national origin, or gender. Plaintiff, however, does not state the legal basis for her claims. This order assumes that her claims are brought pursuant to the California Fair Employment and Housing Act.

Defendant Avis filed a motion for judgment on the pleadings pursuant to Rule 12(c). The motion was denied by order dated August 9 on the ground that it was untimely. After leave to file the motion was granted, defendant Avis now brings this motion for reconsideration of their motion for judgment on the pleadings.

**ANALYSIS**

**1. MOTION FOR RECONSIDERATION.**

A motion for reconsideration is decided within the discretion of the district court. Civil Local Rule 7-9(b) governs the applicable standard. Rule 7-9(b) provides that a motion for reconsideration can be filed if the Court manifestly failed to consider material facts or dispositive legal arguments, or if the moving party can show a material difference in fact or law from the time the original order was entered. In this action, defendant contends that the August 9 order made a legal error by denying the Rule 12(c) motion for being untimely because it was filed after defendant had already answered.

Rule 12(c) states, in pertinent part, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." For the purposes of

Rule 12(c), the pleadings are closed once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Furthermore, Rule 12(h)(2)(b) states that a "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)."

The August 9 order made a procedural error. Defendant's Rule 12(c) motion was in fact timely because it was filed on May 2012 after the pleadings were closed and before the trial date had been set on August 2012. Accordingly, this order now turns to the merits of the Rule 12(c) motion.

### 2. MOTION FOR JUDGMENT ON THE PLEADINGS.

Our court of appeals has held:

> Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.

*Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quotations omitted).

California's Fair Employment and Housing Act protects employees from discrimination or harassment based on age, national origin or gender. An employer is liable for conduct giving rise to a hostile work environment if the employee can show that: "(1) she was subjected to verbal or physical conduct of a harassing nature that was based on her [age,] national origin or gender; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an intimidating, hostile, offensive or abusive working environment." *Nagar v. Found. Health Sys., Inc.,* 57 F. Appx. 304, 305 (9th Cir. 2003) (internal quotations omitted).

Under the FEHA, however, exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). An administrative complaint must be filed with the Department of Fair Employment and

Housing within a year of the date that the alleged unlawful practice occurred. Cal. Gov. Code § 12960(d).

### A.     Failure to Exhaust Administrative Remedies.

Plaintiff's claim for hostile work environment under the FEHA is deficient for failure to exhaust administrative remedies. Plaintiff's complaint does not allege that she exhausted administrative remedies. Plaintiff states in her opposition brief that she has not failed to exhaust her administrative remedies. This conclusory statement — devoid of any factual support — must be disregarded for two reasons. *First*, plaintiff cannot avoid dismissal of her complaint by alleging new facts in her opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, all new factual allegations in plaintiff's opposition brief are disregarded for the purpose of ruling on the merits of this motion. *Second*, even if the allegation were to be considered, such a conclusory statement is insufficient to state a claim. Plaintiff has not pled any facts that she filed a complaint with the DFEH or that she received a right to sue letter from the DFEH before filing this action. Failure to properly allege exhaustion of administrative remedies is a sufficient basis to dismiss all of plaintiff's claims under the FEHA.

### B.     Failure to State a Claim.

Even if exhaustion of administrative remedies had been properly alleged, the complaint fails to state a legally cognizable claim upon which relief may be granted. *First*, plaintiff's complaint does not identify the statue or legal basis under which she brings her claims. This does not afford defendant a fair opportunity to defend against the claims asserted against it. *Second*, the complaint does not proffer enough facts to state claims for hostile work environment based on age, national origin, or gender. Plaintiff's only allegations to support her claims are that a woman harassed her in a women's restroom and she endured physical violence and taunting every weekend by Omar, who is presumably a former co-worker. These allegations do not contain sufficient facts to determine if and how plaintiff was subjected to verbal or physical conduct of a harassing nature, whether the conduct was unwelcome, and whether that conduct

4

was sufficiently severe to alter the conditions of her employment and create a hostile work environment. It is also unclear if and how her age, national origin or gender played a role in the harassment. Notably, plaintiff does not even provide her age to support her claim for harassment based on age. Plaintiff merely states that she is older. Accordingly, defendant's motion for judgment on the pleadings is **GRANTED**.

## CONCLUSION

For the reasons mentioned above, the motion for judgment on the pleadings is **GRANTED**. Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, notice on the normal 35-day track, for leave to file an amended complaint in order to further develop her claims. A proposed amended complaint must be appended to the motion and plaintiff must plead her best case. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. Failing a timely motion, the answer will be due **21 CALENDAR DAYS** after the deadline. The hearing scheduled for November 15, 2012, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 6, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE