IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN BAILEY,

    Plaintiff,

  v.

AVIS BUDGET GROUP and AZHAR HASSAN,

    Defendants.

No. C 12-01486 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

### INTRODUCTION

In this employment-discrimination action, plaintiff moves for leave to file an amended complaint. For the reasons stated below, the motion is **DENIED**.

### STATEMENT

This action arises from pro se plaintiff Susan Bailey's employment as a shuttle driver for defendant Avis Budget Group. The factual background has already been explained in a prior order (Dkt. No. 45). In brief, the complaint alleged claims for hostile work environment based on age, national origin and gender. By order dated November 6, 2012, plaintiff's claims were dismissed for failure to exhaust administrative remedies and failure to state a claim.

Plaintiff now moves for leave to file an amended complaint. The proposed amended complaint adds facts to support the same claims alleged in the initial complaint and appears to assert a new claim for retaliation for "whistle-blowing." Plaintiff has also appended a right-to-sue letter to the proposed amended complaint but had initially failed to append the DFEH charge.

Plaintiff was given additional time to file the DFEH charge, which the Court has fully considered before ruling on this motion.

Defendant contends that amending the complaint is futile because plaintiff has not exhausted her administrative remedies and has not stated a claim for relief. Following full briefing and a hearing, the motion for leave to file an amended complaint is **DENIED**.

## ANALYSIS

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992). Once the Court has entered a scheduling order, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir. 2000). Plaintiff's motion was filed prior to the deadline set by the case management order, and within the time limit set by the November order dismissing the complaint. Therefore, the Rule 15(a) standard applies to plaintiff's motion.

### 1. Exhaustion of Administrative Remedies.

Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the court." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). An administrative complaint must be filed with the Department of Fair Employment and Housing within a year of the date that the alleged unlawful practice occurred. Cal. Gov. Code § 12960(d). "Allegations in the civil complaint that fall outside of the scope of the administrative charge are barred for failure to exhaust." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001). Administrative charges are liberally construed "since they are made by those unschooled in the technicalities of

formal pleading." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002) (citation and quotation omitted).

Plaintiff's DFEH charge alleged claims for harassment, failure to prevent discrimination and retaliation for engaging in a protected activity. Plaintiff alleged these claims by checking boxes on the form complaint and by providing a factual account therein. The narrative plaintiff provided in her DFEH charge regarding harassment by co-worker Omar Arguelta and supervisor Azhar Hassan's failure to prevent the alleged harassment is similar to the allegations in the proposed amended complaint. In the DFEH charge, however, she did not allege that the harassment was based on age, gender or national origin, for instance, by checking the appropriate boxes on the form complaint. In fact, plaintiff did not check *any* box indicating discrimination on the basis of any protected class or status. Nor can it be inferred, under a liberally construed interpretation of the facts alleged, that plaintiff's age, gender or national origin played any role in the harassment. In the narrative, plaintiff alleges that she was "verbally abuse[d]" by a woman with an Indian accent (employed by a different company), almost run down in a parking lot by a man wearing a turban, and was "harassed and assaulted" by Arguelta. Arguelta allegedly squeezed her upper arm on several occasions and took her drink and "tormented" her with it. Plaintiff reported the latter incident to "chase driver" Hassan, who did nothing about it. The narrative's bare bones, disjointed litany of complaints does not identify with sufficient specificity the alleged harassment to allow a reasonable inference that the harassment was due to any protected class or status of plaintiff. Nor does plaintiff ever state that the harassment was based on any such protected class or status. Plaintiff's motion for leave to file an amended complaint with respect to the harassment claims is therefore **DENIED FOR FAILURE TO EXHAUST**.

As to the retaliation claim, plaintiff did check the box on the DFEH form alleging retaliation. Contrary to defendant's contention at the hearing, the narrative alleges that plaintiff reported the incident with Arguelta to chase driver Hassan. Plaintiff sufficiently exhausted her retaliation claim before the DFEH. Even if all of plaintiff's claims were properly exhausted,

3

however, plaintiff's motion for leave to amend would be futile because the new allegations still fail to state a claim, as discussed below.

### 2. Failure to State a Claim.

The proposed amended complaint fails to state a legally cognizable claim upon which relief may be granted. An employer is liable for conduct giving rise to a hostile work environment if the employee can show that: "(1) she was subjected to verbal or physical conduct of a harassing nature that was based on her [age,] national origin or gender; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an intimidating, hostile, offensive or abusive working environment." *Nagar v. Found. Health Sys., Inc.,* 57 F. Appx. 304, 305 (9th Cir. 2003) (unpublished) (internal quotations omitted). Additionally, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms or conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Plaintiff's proposed amended complaint adds allegations that her team leader, Azhar Hassan, who was named in the complaint but not served, deliberately and repeatedly told stories about when the British were in his country, Pakistan. Hassan allegedly boasted about how proud he was that Pakistani citizens had targeted and blown up a boat, killing British servicemen. Plaintiff further alleges that this offensive conduct was directed at her because she is British. While these comments lauding terrorism may have annoyed plaintiff, this conduct is not so severe or extremely serious as to alter the conditions of plaintiff's employment and create an intimidating, hostile, offensive or abusive work environment. *See Faragher*, 524 U.S. at 788.

Plaintiff also alleges that former co-worker Arguelta deliberately and repeatedly annoyed and interfered with plaintiff by taunting, pinching and using other "offensive conduct." Plaintiff then states that she "was 65 years old at that time and a woman." Like the original complaint, plaintiff has not provided sufficient facts to demonstrate that the taunting or offensive conduct was sufficiently severe to state a claim. Additionally, plaintiff has again failed to provide factual support to demonstrate a nexus between the harassment and her age and gender. Simply stating

4

her age and gender is insufficient to plead the required nexus to the harassment. Based on the above, plaintiff has failed to plead sufficient facts to state a plausible claim for hostile work environment based on age, national origin or gender.

Although it is unclear, plaintiff now seems to assert a new claim for retaliation or whistle-blowing. Plaintiff alleges that she reported food stealing and taunting to her team leader, Hassan, who did nothing and instead retaliated against her by hazing, bullying and harassing her. To state a retaliation claim, plaintiff must proffer the following facts: (1) she engaged in a protected activity, (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action. *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109 (2007).

This claim fails because plaintiff does not state the required elements of the claim. Notably, plaintiff does not identify an adverse employment action. She consequently also cannot demonstrate a causal link between any protected activity and the employer's action.

Plaintiff's proposed amended complaint does not cure the deficiencies that resulted in the dismissal of her claims. Additionally, the prior order advised plaintiff to plead her best case (Dkt. No. 45). Allowing further leave to amend would be futile. As a result, plaintiff's motion to amend her complaint is **DENIED**.

## CONCLUSION

For the reasons mentioned above, plaintiff's motion for leave to amend is **DENIED** without leave to seek further amendments. Judgment will be entered herewith by separate order. Plaintiff is reminded that she should take care to preserve her appellate rights, if she so chooses, including by timely filing any notice of appeal.

**IT IS SO ORDERED.**

Dated: January 17, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

5